UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| SAMUEL SPAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-4107 |
| | ) | |
| LATOYA HUGHES, J.B. PRITZKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER #2

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 12). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 16). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendants have failed to grant him discretionary good-time credit under state law notwithstanding that he has met the applicable statute's requirements.

Plaintiff's allegations, if true, would result in a speedier release from custody. Habeas corpus is the exclusive remedy for individuals challenging the fact or duration of their confinement and seeking an immediate or speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

The Court cannot simply convert this lawsuit to a habeas corpus proceeding because doing so may have unintended consequences. For example, habeas corpus proceedings have their own exhaustion requirements and individuals are generally only permitted to seek this type of relief once. The Court finds that Plaintiff fails to state a claim upon which relief can be granted, and that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [16] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the amended complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does**

**choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 17th day of December, 2024.

_s/Sara Darrow_
SARA DARROW
CHIEF U.S. DISTRICT JUDGE

4:24-cv-04107-SLD   # 17   Filed: 12/17/24   Page 3 of 3